[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
In an eight count second amended complaint sounding in contract, tort and various statutory violations, plaintiff homeowners are seeking recovery from two individuals and their corporation of damages arising out of certain home improvements allegedly undertaken by the defendants. The individual defendants, Bennett Nisencwajg and Alberto F. Kowarick have moved for partial summary judgment on the ground that they are not liable as a matter of law for the acts of the corporation. The pleadings are closed and both sides have filed memoranda of law pursuant to Conn. Practice Bk. 380 (rev'd. to 1978, as amended Oct. 1, 1989).
Generally, an individual will not be personally liable for the acts of the corporation. Saphir v. Neustadt, 177 Conn. 191
(1979). This rule will be disregarded in certain circumstances. See Faist v. Olson, 154 Conn. 563 (1967). Whether those circumstances exist such that an individual may be personally liable presents an issue of fact. See Campisano v. Nardi,212 Conn. 282, 292-3 (1989); Falcone v. Night Watchman, Inc.,11 Conn. App. 218, 223 (1987).
There are facts in dispute on the issue of whether defendants were acting as individuals or as a corporation, Domus Builders and Designers, Inc. The documentation submitted by the parties indicates, inter alia, that: (1) While the cost estimate CT Page 2450 for the job is printed on Domus Builders letterhead, it is signed by Bennett Nisencwajg individually, not as an officer of, or on behalf of, Domus Builders; (2) the application for a building permit was made in the name of Bennett Nisencwajg, with no reference to Domus Builders; (3) defendants required plaintiffs to establish a checking account on which defendants could draw to pay subcontractors and suppliers.
Based on the foregoing, a genuine issue of fact exists, and summary judgment is denied.
CIOFFI, J.